**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| King Grant-Davis, ) | C/A No. 2:15-cv-02521-PMD-MGB |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT & RECOMMENDATION** |
| ) | |
| South Carolina Office of Governor, ) | |
| South Carolina Vocational Rehabilitation ) | |
| Department, ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |

The Plaintiff, appearing *pro se*, brought this action under 42 U.S.C. § 1983 on June 23, 2015. (Dkt. No. 1.) With leave of the court, the Plaintiff filed an Amended Complaint on March 14, 2016. (Dkt. No. 41.) Before the court is the Defendants' Motion for Summary Judgment. (Dkt. No. 52.) The Plaintiff filed Plaintiff's Response in Opposition to Defendants' Motion to Dismiss on June 13, 2016. (Dkt. No. 55.) The Defendants filed a supplemental affidavit in support of their Motion July 25, 2016. (Dkt. No. 56.) All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This court recommends that the Defendants' Motion for Summary Judgment (Dkt. No. 52) be denied.

**Alleged Facts**

The Plaintiff's claims arise from the services the Plaintiff received from the South Carolina Vocational Rehabilitation Department ("VR"). (Dkt. No. 41.) The Plaintiff's allegations are recited in great detail in the Amended Complaint. For the sake of brevity and because of the nature of this court's recommendation, the following is a brief synopsis of the

1

Plaintiff's allegations. The Plaintiff alleges that he is disabled because he has "blindness and glaucoma of the left eye and myopia of the right eye, lumbar spine (back) problems, and has major mental health conditions of posttraumatic stress disorder, major depression, and anti-social disorder symptoms (none of which are violent tendencies)." (*Id.* at 3.) The Plaintiff began driver training with VR on May 10, 2011. (*Id.* at 6.) At the end of ten (10) lessons, the Plaintiff alleges that it was recommended that the Plaintiff be allowed to take further lessons to be able to pass a driving exam. (*Id.* at 6-7.) The Plaintiff alleges that VR improperly terminated his driver training services. The Plaintiff alleges that he repeatedly requested VR to resume the services but they refused. The Plaintiff alleges that VR placed additional requirements on him to participate in the program after he was initially stopped form participating. (*Id.* at 18-19.) The Plaintiff alleges that VR failed to provide the Plaintiff with a mirror prescribed by the Department of Motor Vehicles to accommodate his vision related disabilities. (*Id.* at 19.) The Plaintiff alleges that VR did not allow him to restart his driver's education specifically because of his disabilities. (*Id.*)

## Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable

inferences are to be drawn in that party's favor.'" *Id*. (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). The court "must construe *pro se* complaints liberally and liberal construction of the pleadings is particularly appropriate where, as here, there is a *pro se* complaint raising civil rights issues." *Jehovah v. Clarke*, 798 F.3d 169, 176 (4th Cir. 2015), *cert. denied,* 136 S. Ct. 1829, 194 L. Ed. 2d 834 (2016), *reh'g denied,* 136 S. Ct. 2503, 195 L. Ed. 2d 836 (2016) (internal quotation marks and citations omitted).

## Plaintiff's Claims

The Defendants' Motion for Summary Judgment construed the Amended Complaint as an appeal brought under Title 1 of the Rehabilitation Act, 29 U.S.C. § 722(c)(5)(j), "which allows an aggrieved party to seek judicial review in a matter involving eligibility for vocational rehabilitation and the development of an individualized plan for employment." *Starkey v. Missouri Dep't of Elementary & Secondary Educ.*, No. 4:16-cv- 93-DDN, 2017 WL 118224, at *1 (E.D. Mo. Jan. 12, 2017). The Defendants' reading of the Plaintiff's Amended Complaint was not unreasonable. However, the Plaintiff stated in his Response to Summary Judgment the following (verbatim):

> The defendants allege that it is under 29 U.S.C. Section 722(c)(5)(j) of the Rehabilitation Act of 1973 (i.e. Hearings) that the plaintiff proceeds. Id. at page 15. A careful review of the Amended Complaint, Attachment Fourteen, Attachment Fifteen, and Attachment Sixteen (i.e. "GROUNDS FOR RELIEF" and "CHOICE OF TRIAL") clearly shows that the defendants are incorrect, that the plaintiff is not appealing, and that this action is an independent civil rights lawsuit under 42 U.S.C. Section 1983 (see "Civil Cover Sheet") for violation of the plaintiff's federal civil rights (Rehabilitation Act of 1973, Americans With Disabilities Act of 1990, ect.). [sic] The plaintiff is, however, asserting that the defendants violated his substantive and procedural due process rights provided under Section 722.

3

(Dkt. No. 55. at 2-3.) (emphasis in original). The Plaintiff's intent is clear. He is not appealing under 29 U.S.C. § 722(c)(5)(j), but rather filing an independent law suit.  The Defendants' Motion for Summary Judgment does not address any claims brought under 42 U.S.C. § 1983 or the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("the ADA"). Additionally, while the Rehabilitation Act of 1973 does contain 29 U.S.C. § 722(c)(5)(j), it appears that the Plaintiff is attempting to proceed under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"), which is an analog of Title II of the ADA.[1]  This court broadly construes the Amended Complaint to allege claims under 42 U.S.C § 1983, under Title II of the ADA, and under Section 504 of the Rehabilitation Act. Therefore, because the Defendants moved for summary judgment only on the Plaintiff's appeal under 29 U.S.C. § 722(c)(5)(j), this court recommends the Defendant's Motion for Summary Judgment be denied.  In light of this court's interpretation of the Amended Complaint, should the district court adopt this Report and Recommendation, this court recommends that the parties be allowed sixty (60) days from the filing of the district court's order to file any additional dispositive motions in this case.

## Conclusion

Based on the forgoing, this court RECOMMENDS that Defendants' Motion for Summary Judgment (Dkt. No. 52) be DENIED.  If the district court adopts this Report and Recommendation, this court further RECOMMENDS that the parties be allowed sixty (60) days from the filing of the district court's order to file any additional dispositive motions in this case.

---

[1] "Because the language of the two statutes [Title II of the ADA and Section 504 of the Rehabilitation Act] is substantially the same, we apply the same analysis to both." *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 468 (4th Cir. 1999) (quoting *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1264 n. 9 (4th Cir.1995)). A plaintiff asserting a claim under the ADA or Section 504 must prove that he (1) is a qualified individual with a disability, (2) is otherwise qualified for the benefit of programs, services or activities in question, and (3) was excluded from the same due to discrimination on account of that disability. *McIntyre v. Robinson*, 126 F.Supp.2d 394, 407–08 (D.Md.2000) (citing *Doe*, 50 F.3d at 1265)

IT IS SO RECOMMENDED.

January 30, 2017

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).