# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| King Grant-Davis, | ) |
|                 Plaintiff, | ) C.A. No.: 2:15-cv-2521-PMD-MGB |
| v. | ) **ORDER** |
| South Carolina Office of Governor, South Carolina Vocational Rehabilitation Department, | ) |
|                 Defendants. | ) |

This matter is before the Court on Plaintiff King Grant-Davis' objections to United States Magistrate Judge Mary Gordon Baker's report and recommendation ("R & R") (ECF Nos. 92 & 89), and Plaintiff's motion for leave to amend his complaint (ECF No. 93). The Magistrate Judge recommends granting Defendants' motion for summary judgment. For the reasons stated herein, the Court overrules Plaintiff's objections, adopts the R & R, and grants Defendants' motion for summary judgment. The Court denies Plaintiff's motion to amend as futile.

## PROCEDURAL HISTORY

The Magistrate Judge issued her R & R on January 26, 2018. Plaintiff filed his objections to the R & R on February 9, and Defendants did not reply. Plaintiff also filed his motion for leave to amend on February 9. Accordingly, this matter is now ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's recommendations and proposed findings within fourteen days after being

served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 151–52 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

Plaintiff's claims arise out of Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and 42 U.S.C. § 1983. He makes a number of objections that are irrelevant as they fail to address the critical points of the Magistrate Judge's analysis. As a result, the Court need not discuss them. The Magistrate Judge analyzed Plaintiff's claims in the order set forth above, so the Court organizes its opinion the same way.

As stated by the Magistrate Judge, claims under Title II and Section 504 are analyzed together because they are substantially similar. *See Baird ex rel. Baird v. Rose*, 192 F.3d 462, 468 (4th Cir. 1999). The Magistrate Judge recommends granting Defendants' motion for summary judgment as to these claims because a one-year statute of limitations applies, and Plaintiff failed to file this action within a year of the actions in question. Plaintiff objects, arguing that his individualized plan for employment under the Rehabilitation Act is in the nature of a contract and therefore South Carolina's three-year breach of contract statute of limitations applies. However,

Plaintiff does not point to any law that contradicts this Court's well-settled jurisprudence that a one-year statute of limitations applies to Title II and Section 504 causes of action. *See, e.g.*, *Cockrell v. Lexington Cty. Sch. Dist. One*, No. 3:11-cv-2042-CMC, 2011 WL 5554811 (D.S.C. Nov. 15, 2011). Plaintiff misapprehends the application of the statute of limitations, as the breach of contract statute of limitations only applies when a plaintiff brings a breach of contract cause of action. Here, the Title II and Section 504 statute of limitations applies because Plaintiff has brought those causes of action. Accordingly, the Court overrules that objection. Plaintiff also generically argues that equitable tolling should apply because Defendants never made him aware of his rights and privileges. However, Plaintiff does not point to any specific error in the Magistrate Judge's thorough analysis of the circumstances under which South Carolina law permits equitable tolling of the statute of limitations. Having independently reviewed that analysis, the Court agrees with the Magistrate Judge that Plaintiff is not entitled to equitable tolling of the statute of limitations under these circumstances.

The Court now turns to Plaintiff's claim under 42 U.S.C. § 1983. The Magistrate Judge recommends granting Defendants' motion for summary judgment as to this claim as well. Specifically, she concluded that there was "[n]o genuine issue of material fact that Plaintiff's completion of driver's education classes was not a government entitlement protected by the due process clause." (R & R, ECF No. 89, at 10.) The Magistrate Judge based her conclusion on the fact that the driving lessons were subject to the discretion of vocational rehabilitation officials, and were "therefore not 'a protected entitlement.'" (*Id.* at 12 (quoting *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005) ("Our cases recognize that a benefit is not a protected entitlement if government officials may grant or deny it in their discretion.")).) She further concluded that even if the lessons were a protected entitlement, Defendants provided Plaintiff with

"a full hearing before a disinterested party." (*Id.*) Here, Plaintiff argues that he has a protected interest in his driving lessons, but he has failed to show that the vocational rehabilitation officials lack discretion as to whether Plaintiff can continue those lessons. Because the Supreme Court has clearly determined that a discretionary benefit is not a protected entitlement, the Court concludes that the Magistrate Judge correctly analyzed Plaintiff's § 1983 claim. Accordingly, the Court overrules his objection to her analysis.

Finally, the Court turns to Plaintiff's motion to amend his complaint. Plaintiff's motion is intended to address Defendants' argument that he named the improper parties for purposes of § 1983 when he named the Office of the Governor and the Vocational Rehabilitation Department as defendants. Because Plaintiff's proposed change of parties would not impact the disposition of his claims as set forth above, the Court concludes that his proposed amendments would be futile. Consequently, the Court denies his motion.

## CONCLUSION

For the reasons stated herein, it is **ORDERED** that Plaintiff's objections are **OVERRULED**, that the R & R is **ADOPTED**, and that Defendants' motion for summary judgment is **GRANTED**. It is further **ORDERED** that Plaintiff's motion to amend his complaint is **DENIED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**March 21, 2018**
**Charleston, South Carolina**